BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 2541 ZUIDER ZEE CIRCLE, ELVERTA, CALIFORNIA, SACRAMENTO COUNTY, APN: 203-0211-030-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>Defendants. | 2:12-CV-00706-MCE-DAD<br><br>JOINT STATUS REPORT, REQUEST FOR STAY, AND ORDER THEREON |

The parties submit the following Joint Status Report, Request for Stay, and Order Thereon (Proposed) pursuant to the Court's May 14, 2012 Order:

**1. Summary of Claims**

On March 20, 2012, the United States filed a civil forfeiture complaint against the following real properties: 2541 Zuider Zee Circle, Elverta, California;  3908 Floral Drive, North Highlands, California; 7230 Arutas Drive, North Highlands, California; 7354 Washburn Way, North Highlands, California; 2304 Mortenson Court, Elverta, California; 7920 Bellingrath Drive, Elverta, California; 2948 Candido Drive,

Sacramento, California; 1550 Kellogg Street, Newcastle, California; 1410 Kellogg Street, Newcastle, California; and 439 Ala Wai Boulevard, Unit 94, South Lake Tahoe, California.

The complaint alleges that several individuals conspired to defraud the United Auburn Indian Community out of millions of dollars by submitting inflated and false change order invoices as part of a large commercial construction project; the complaint seeks the forfeiture of real properties purchased with fraud proceeds and/or funds involved in the money laundering scheme.

Gregory S. Baker and Dawn Baker filed claims on May 24, 2012.  Darrell Hinz also filed a claim on May 24, 2012.

Federal National Mortgage Association has filed a claim and answer to 439 Ala Wai Boulevard, Unit 94, South Lake Tahoe, California.

Federal National Mortgage Association and Mortgage Electronic Registration Systems has filed a claim and answer to 1410 Kellogg Street, Newcastle, California.

**2.   Service**:

The forfeiture complaint *in rem* was sent to all individuals believed to have an interest in the defendant properties.  In addition, notice by publication is complete, as reflected in a declaration of publication filed June 21, 2012.

**3.   Possible joinder of additional parties**:

None Anticipated.

**4.   Any expected or desired amendment of pleadings**:

None anticipated at this time.

**5.   Jurisdiction and venue**:

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1345 and 28

U.S.C. § 1355(a). Venue is proper in this district pursuant to 28 U.S.C. § 1355 and 28 U.S.C. § 1395(a).

**6.   Anticipated motions and suggested dates**:

In light of the parties' joint request for a three month stay (see below), the parties do not request that motion dates be scheduled at this time.

**7.   Anticipated and outstanding discovery:**

(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

(3) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules, and what other limitations should be imposed:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed. R. Civ. P. 26(a)(1)(E)(ii).

In addition, rather than fully schedule this case at this time, the parties jointly request a three month stay of further proceedings in this matter.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i). The United States contends that the defendant properties were purchased with fraud proceeds and/or constitute funds involved in money laundering offenses; and, as such, are forfeitable to the United States under 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C).

The United States intends to depose claimants Gregory S. Baker and Darrell Hinz regarding their claims and the alleged fraud and money laundering activities forming the basis of this *in rem* action. If discovery proceeds at this time, claimants

will be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

In addition, claimants intend to depose the law enforcement officers involved in the criminal investigation.  While no indictment has been filed, allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate potential criminal violations.  The same is true with respect to written discovery that could be issued by the United States and claimants.

Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claims to the property and assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed for three months.  At that time the parties will advise the court of the status of the criminal investigation and will advise the court whether a further stay is necessary.

**8.    Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial**:

In light of the requested stay, the parties ask that the case not be scheduled at this time.

**9.  Estimate of trial time**:

Plaintiff estimates that a trial of this matter would take no more than ten days.

**10. Appropriateness of special procedures**:

Not applicable.

**11.   Modification of standard pretrial procedures because of the relative simplicity or complexity of the action or proceedings**:

Not applicable.

**12.   Whether the case is related to any other case, including any matters in bankruptcy**:

Yes. *United States v. Real Property Located at 149 G Street, Lincoln, California, et al.*, 2:12-CV-00705-MCE-DAD.

On May 25, 2012, the United States also filed a notice to relate this *in rem* action to 2:12-CV-01631-MCE-DAD and 2:12-CV-01632-MCE-DAD.

**13.   Prospects for settlement:**

The parties are unable to assess the likelihood of settlement at this time.

**14.   Any other matters that may add to the just and expeditious disposition of this matter**:

None.

Dated: 7/3/12                                         BENJAMIN B. WAGNER
                                                      United States Attorney

                                                 By:  /s/ Kevin C. Khasigian
                                                      KEVIN C. KHASIGIAN
                                                      Assistant U.S. Attorney

Dated: 7/3/12                    /s/ Tom Johnson
                                 TOM JOHNSON
                                 Attorney for claimants Gregory S. Baker
                                 and Dawn Baker


Dated: 7/3/12                     /s/ William J. Portanova
                                 WILLIAM J. PORTANOVA
                                 Attorney for claimant Darrell Hinz


Dated: 7/3/12                    /s/ Cheryl Chang
                                 CHERYL CHANG
                                 Attorney for claimant Federal National
                                 Mortgage Association and Mortgage
                                 Electronic Registration Systems, Inc


Dated: 7/3/12                    /s/ Jonathan D. Fink
                                 JONATHAN D. FINK
                                 Attorney for claimant Federal National
                                 Mortgage Association

                                 (Signatures authorized by email)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) for three months. On or before October 9, 2012, the parties will advise the Court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: July 5, 2012

                                 _____
                                 MORRISON C. ENGLAND, JR.
                                 UNITED STATES DISTRICT JUDGE